UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

THEADORE BLACK,

        Plaintiff,

   - against -

DR. KURTZ; DR. COOPER; DR. GOLDBERG;
DR. JANE DOE; C.O. BRADLEY; CAPTAIN
QUINONES,

        Defendants
----------------------------------------------------------------X

MEMORANDUM DECISION
AND ORDER

16-CV-3941 (BMC)(RLM)

COGAN, District Judge:

     Plaintiff *pro se*, currently detained on Rikers Island, filed this action alleging violations of his constitutional rights. In his complaint, he challenged his arrest and the search of his wife's home by New York State parole officers and New York City Police Department officers, the denial of adequate medical care during his detention at Rikers Island, and the interference with access to his legal mail and the law library by Rikers Island staff. I dismissed the claims concerning his arrest and the search of his wife's home, and all defendants associated with that claim, as duplicative and without prejudice to <u>Black v. Parole Officer Petitinato</u>, No. 16 Civ. 2320.[1] Plaintiff's medical and access to courts claims were dismissed with twenty days to replead.

---

[1] Accordingly, those defendants have been removed from the caption of this Order and the Clerk of Court is directed to correct the docket sheet to reflect their dismissal.

The Court has reviewed the amended complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, plaintiff's access to courts and mail claims are dismissed. His medical care claim may proceed as set forth below.

## DISCUSSION

### I. Access to Court and Mail Claims

Prisoners have a constitutional right of access to the courts, which is infringed when prison officials interfere with a prisoner's preparation of legal documents. See Lewis v. Casey, 518 U.S. 343, 349-50 (1996). To state a claim of denial of access to the courts, an inmate must allege an actual injury. See id. at 349.

A. Access to the Law Library

Plaintiff alleges that "Defendant Capt. Quinones denied me access to the law library on numerous occasions during my defense preparation for my criminal case." Black also states that he was "pursuing a claim with the comptroller." Plaintiff has not alleged an actual injury. According to his amended complaint, his criminal case was dismissed. Not only was plaintiff successful in his criminal case and therefore not prejudiced in it, but he was represented by counsel in the criminal matter, ensuring his access to the court. As to his allegation that he was also "pursuing a claim with comptroller" at the time Quinones allegedly limited plaintiff's access to the law library, it is unclear what exactly he means by this phrase and he has alleged no actual injury in that matter at all, much less one that is attributable to his limited access to the law library during December 2015. Lewis, 518 U.S. at 351 (holding that inmate must establish actual injury, rather than "theoretical deficiency" with legal library or legal assistance program to state constitutional claim for interference with access to courts).

2

Thus, plaintiff has not alleged an actual injury, in the sense that "a 'nonfrivolous legal claim had been frustrated or was being impeded' due to the actions of prison officials." Warburton v. Underwood, 2 F. Supp. 2d 306, 312 (W.D.N.Y. 1998) (quoting Lewis, 518 U.S. at 353); see also Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir.1997); Amaker v. Goord, No. 98 Civ. 3634, 2002 WL 523371, at *11-12 (S.D.N.Y. March 29, 2002) (dismissing denial of access to the courts claim because inmate suffered no actual injury and therefore lacked standing). Plaintiff has failed to demonstrate that he was in any way prejudiced in his criminal case or in pursuit of his "claim with the comptroller" or that his access to the court was otherwise impaired. Since the only claim against Captain Quinones concerns access to the law library, the amended complaint against defendant Quinones is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b).

B.  Legal Mail

In his amended complaint, plaintiff alleges that the mail at Rikers is delayed and defendant Bradley, on one occasion, "claims to have 'accident[al]ly' opened plaintiff's legal mail." He alleges his actual injury is the delay of the receipt of the "dismissal of an otherwise meritorious claim" by this Court. The dismissal to which plaintiff refers was vacated when the Court was apprised of the reason for the delay in plaintiff's response; the case was reinstated, and is currently pending. Black v. Petitinato, 16 Civ. 2320. In light of the reinstatement of his case, plaintiff cannot demonstrate that his belated receipt of the court's order caused actual injury.

Moreover, even if there were an actual injury, the single instance of mail interference by defendant Bradley opening a piece of plaintiff's legal mail does not rise to the level of a constitutional violation. See Davis v. Goord, 320 F. 3d 346, 351 (2d Cir. 2003) ("an isolated incident of mail tampering is usually insufficient to establish a constitutional violation . . . the

inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail.") (internal quotation and citations omitted).

Nor does the plodding pace of mail delivery to plaintiff at Rikers Island rise to the level of a constitutional violation. In order to state a section 1983 claim for denial of reasonable access to courts, an inmate must show that the alleged deprivation "actually interfered with his access to courts or prejudiced an existing action"; "[a] delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." Jermosen v. Coughlin, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing Jones v. Smith, 784 F.2d 149, 151-52 (2d Cir. 1986)). Thus, the amended complaint against defendant Bradley is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b).

## II. Medical Care Claims

Plaintiff's amended complaint regarding the denial of medical care against the defendant Dr. Goldberg may proceed. However, the amended complaint, which completely replaces the complaint, makes no mention of any of the other defendants named in the caption of this case. A plaintiff's failure to make any allegations against a defendant he has named is fatal to his claims against that defendant. Fed. R. Civ. P. 8. In a federal lawsuit, a plaintiff must allege facts sufficient to allow the defendants to have a fair understanding of what he is complaining about and to enable them to determine whether there is a possible legal basis for recovery. See Bell Atlantic Corp., 550 U.S. at 555 (Rule 8 imposes the requirement that the plaintiffs pleadings "give the defendant fair notice of what the . . . claim is and the grounds on which it rests" (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Ricciuti v. NYC Trans. Auth., 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair

4

understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery."). Without pleading any connection to the events described in the complaint, the claims against Doctors Kurtz, Cooper and Jane Doe must be dismissed. See Burton v. Lynch, 664 F. Supp. 2d 349, 358 (S.D.N.Y. 2009) (dismissing claim against nurse employed at jail who was not linked in the allegations to any alleged denial of medical care).

## CONCLUSION

The amended complaint against defendants Quinones, Bradley, Kurtz, Cooper and Jane Doe is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). No summons shall issue as to these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these parties from this action.

Plaintiff's amended complaint against Dr. Goldberg may proceed. The Clerk of the Court is directed to issue a summons against defendant Goldberg and the United States Marshals Service is directed to serve the amended complaint and this Order on this defendant without prepayment of fees. A copy of this Order shall be served on the Special Litigation Division of the Corporation Counsel.

The case is referred to the Honorable Roanne L. Mann, Chief United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

 SO ORDERED.

_____
U.S.D.J.

Dated:  Brooklyn, New York
        August 30, 2016