UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

C/M

----------------------------------------------------------- X
:
THEADORE BLACK, : **MEMORANDUM**
: **DECISION AND ORDER**
Plaintiff, :
: 16-cv-3941 (BMC)(RLM)
- against - :
:
DR. GOLDBERG; DR. KURTZ; DR. JANE :
DOE; and DR. COOPER :
:
Defendants. :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se*, who is currently detained on Rikers Island, filed this action alleging numerous violations of his constitutional rights. I dismissed plaintiff's complaint for failure to state a claim, and granted him leave to amend his complaint. See Black v. Petitinato, 16 Civ. 3941, 2016 WL 3983590 (E.D.N.Y. July 25, 2016). Plaintiff filed an amended complaint, and I then dismissed, *inter alia*, his denial of medical care claims against defendants Dr. Kurtz, Dr. Cooper, and Dr. Jane for failure to assert any factual allegations regarding the personal involvement of these defendants. However, the amended complaint was permitted to proceed as against Dr. Goldberg.

Plaintiff then moved for reconsideration of this Court's Order dismissing his claims against Dr. Kurtz, Dr. Cooper, and Dr. Jane Doe. The Court granted plaintiff's motion and he was given leave to file a second amended complaint.

The Court has received plaintiff's second amended complaint and has reviewed it pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the second amended complaint is dismissed as to Dr. Kurtz, Dr. Jane Doe, and Dr. Cooper; the second amended complaint may proceed as against Dr. Goldberg.

In the second amended complaint, plaintiff, who has diabetes, alleges that on one occasion in March 2016, he had shown Dr. Kurtz and Dr. Jane Doe the abscesses on his left arm, but both Dr. Kurtz and Dr. Jane Doe refused to treat plaintiff. At some other point in time – the complaint does not specify when – plaintiff showed Dr. Cooper the abscesses on his arm and she also refused to provide plaintiff with treatment. Plaintiff further alleges that Dr. Cooper also refused to provide treatment for the pain in plaintiff's feet, the rash on his buttocks, and his split lips. Finally, plaintiff alleges that all three doctors were aware that he has diabetes.

Even if these ailments are sufficiently serious to rise to the level of a constitutional claim – it is doubtful that they are – the second amended complaint contains no allegations to support a plausible claim that the prison doctors deliberately inflicted pain on plaintiff or even that they were recklessly indifferent to it. Indeed, the allegations in the second amended complaint as Dr. Kurtz, Dr. Cooper, and Dr. Jane Doe are extremely similar to the allegations in plaintiff's original complaint, which I had previously found were insufficient to state a claim of deliberate indifference.

As I stated in my prior Order dismissing plaintiff's original complaint, to show that a doctor was deliberately indifferent, a plaintiff must allege facts indicating that the doctor "knew of and disregarded an excessive risk to [the detainee's] health or safety and that [the doctor] was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." Id. at *5 (quoting Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009)). The fact that the doctors did not provide plaintiff with medical treatment after observing his rash, abscesses, and split lips on one occasion does not suggest that the doctors deliberately or recklessly disregarded a serious risk to plaintiff's health or safety of

2

which they were aware. Therefore, the second amended complaint fails to state a claim as to Dr. Kurtz, Dr. Cooper, and Dr. Jane Doe.

As to Dr. Goldberg, the second amended complaint contains less detail and fewer factual allegations than the amended complaint. Indeed, if I were to consider the second amended complaint in isolation, plaintiff's claim against Dr. Goldberg would be dismissed for failure to allege sufficient facts that Dr. Goldberg was deliberately indifferent to plaintiff's serious medical needs. Although plaintiff was warned that the second amended complaint will completely replace his amended complaint, given his *pro se* status, the Court has read all of plaintiff's pleadings in combination and has interpreted them to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Since I had previously found that the allegations in the amended complaint were sufficient to state a claim for denial of medical care against Dr. Goldberg, plaintiff's second amended complaint may proceed as against Dr. Goldberg.

The second amended complaint is dismissed as to Dr. Kurtz, Dr. Cooper, and Dr. Jane Doe for failure to state a claim upon which relief may be granted. 8 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). No summons shall issue as to these defendants. Plaintiff's claim for denial of medical care against Dr. Goldberg may proceed. The Clerk of the Court is directed to issue a summons against defendant Goldberg and the United States Marshals Service is directed to serve the second amended complaint and this Order on defendant Goldberg without prepayment of fees. A copy of this Order shall also be served on the Special Litigation Division of the Corporation Counsel.

The case is referred to the Honorable Roanne L. Mann, Chief United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Digitally signed by
Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
February 6, 2017