| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

---------------------------------------------------------- X
:
THEADORE BLACK, : **MEMORANDUM DECISION**
: **AND ORDER**
                      Plaintiff, :
: 16-cv-3941 (BMC)(RLM)
               - against - :
:
DR. GOLDBERG, :
:
                      Defendant. :
---------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff *pro se*, a former pretrial detainee on Rikers Island and a serial litigant in this Court, commenced this action against various correctional personnel and members of the prison medical staff for a variety of different grievances. He is on his second amended complaint because, after a series of Orders under 28 U.S.C. § 1915 and rulings on motions for reconsideration, I dismissed *sua sponte* all of his claims against all defendants except one – an Eighth Amendment[1] deliberate indifference claim against a prison doctor, Dr. Alan Goldberg, for "refus[ing] to take action in any manner to help alleviate the pain in [plaintiff's] feet." Familiarity with those prior Orders is assumed. Presently before the Court is Dr. Goldberg's motion to dismiss that claim. Plaintiff has failed to file an opposition, despite having obtained an extension of time to do so. Nonetheless, I have considered the merits of defendant's argument in determining whether to grant the motion.

      I previously discussed plaintiff's deprivation of medical care claims against Dr. Goldberg and two other doctors that plaintiff had sued in the original complaint at length in my initial

---

[1] I reference the Eighth Amendment for convenience, but recognize that as a pretrial detainee, plaintiff was subject to the co-extensive standard under the Due Process Clause of the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009); Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996).

§ 1915 decision that dismissed Dr. Goldberg and those other doctors and permitted plaintiff to file an amended complaint. See Black v. Petitinato, No. 16-cv-1934, 2016 WL 3983590, *4-6 (E.D.N.Y. July 22, 2016) ("Black I"). Plaintiff's first amended complaint asserted the same claim against all three doctors. By Memorandum Decision and Order dated August 30, 2016, I dismissed the claims against the other two doctors but permitted the claim against Dr. Goldberg to proceed.

Plaintiff then filed a motion for reconsideration of my August 30, 2016 Order. I granted plaintiff's reconsideration motion and permitted him to file a second amended complaint. Plaintiff's second amended complaint fared no better than his first, and I again dismissed the claims against the other two doctors, but permitted the claim against Dr. Goldberg to proceed. Dr. Goldberg was thus left in the second amended complaint subject to his right to seek dismissal under Federal Rule of Civil Procedure 12(b)(6).

Defendant is correct that plaintiff's deliberate indifference claim against him fails to meet the plausibility standard required under Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff posits his conclusion of deliberate indifference or reckless disregard solely on the following facts: (1) he has diabetic neuropathy in his feet that causes him pain; and (2) Dr. Goldberg refused to authorize plaintiff's receipt of supportive footwear despite a physician's assistant authorization for such footwear.[2] As the Second Circuit has explained, Twombly requires a plaintiff to allege "'enough facts to 'nudge [the plaintiff's] claims across the line from conceivable to plausible.'" In re Elevator

---

[2] As I have done in prior orders, because plaintiff is proceeding *pro se*, I am reading all of plaintiff's allegations in his various pleadings and submissions together, even though most do not appear in the second amended complaint. I am giving him this leeway even though I had previously directed him that the second amended complaint had to stand on its own and could not rely on allegations contained in plaintiff's first two complaints. Plaintiff has disregarded that direction.

Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 570). Plaintiff's allegations fail to meet this standard.

I incorporate by reference the extensive discussion of the supportive footwear cases in Black I, 2016 WL 3983590, at *4, as it is equally applicable here. The bottom line is that although I suppose it is "conceivable" that Dr. Goldberg acted maliciously or was recklessly indifferent to plaintiff's needs, on the facts alleged here, it is simply not plausible. Plaintiff has failed to assert any factual allegations showing a basis for Dr. Goldberg's malice towards him or any reason why Dr. Goldberg was reckless in reaching his medical conclusion that he didn't need supportive footwear. After all, as more fully discussed in Black I, Dr. Goldberg's job is to treat prisoners. The second amended complaint offers no reason why Dr. Goldberg would not prescribe supportive footwear if he believes that it would alleviate a prisoner's pain (and that there is pain, an assertion that a prison doctor doesn't have to accept just because a prisoner makes it). The cost of supportive footwear certainly isn't coming out of Dr. Goldberg's salary. Instead, the only plausible interpretation of the factual allegations in plaintiff's second amended complaint is that Dr. Goldberg's medical opinion was that plaintiff did not need supportive footwear, notwithstanding a physician assistant's contrary view.

This leads plaintiff squarely into the extensive line of authority holding that a prison doctor's disagreement with a prisoner over proper medical treatment does not constitute malice or reckless disregard under the Eighth Amendment. See e.g. Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); Black I, 2016 WL 3983590, at *5. Indeed, even if a prison doctor commits malpractice, that, by itself, is not an Eighth Amendment violation. Chance, 143 F.3d at 703 (quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)); see also Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).

Rather, a complaint must contain factual allegations showing that the doctor's negligence was so egregious that it is consistent with reckless indifference or malice. Id.

Even read in its most liberal light, plaintiff's pleadings and submissions do not state a claim of negligence, let alone an Eighth Amendment violation. He simply alleges that he wanted a particular treatment that a physician's assistant recommended, but the physician did not agree with that recommendation. That is not a constitutional deprivation.

Accordingly, defendant's motion to dismiss is granted on the ground that the second amended complaint fails to state a claim. The Clerk is directed to enter judgment in favor of defendant, dismissing the second amended complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      June 5, 2017